IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLOBAL EQUIPMENT MARKETING, INC. doing business as MATEC IN AMERICA,<br><br>Plaintiff,<br>v.<br><br>CML METALS CORPORATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONSOLIDATE<br><br>Case No. 2:12-cv-827 DN<br><br>District Judge David Nuffer |

Defendant CML Metals Corporation has moved to consolidate the above-captioned matter (the "Matec Case") with the case of *National Union Fire Insurance Company of Pittsburgh, Pa. v. CML Metals Corporation*, Case No. 2:12-cv-934 (the "National Union Case"), which is also pending in this district. CML argues that consolidation is appropriate because the cases involve common issues of fact and law.

Cases "involv[ing] a common question of law or fact" may be consolidated under Fed. R. Civ. P. 42.[1] However, "[i]f cases involve some common issues but the individual issues predominate, consolidation should be denied."[2]

Consolidation of the Matec Case and the National Union Case is not warranted because the individual issues in those cases predominate over any common issues. The Matec case concerns a contract between Matec and CML under which Matec agreed to provide two filter

---

[1] Fed. R. Civ. P. 42(a)(2).

[2] *Leeds v. Matrixx Initiatives, Inc.*, Case No. 2:10-cv-199 DAK, 2012 WL 1119220, at *2 (D. Utah Apr. 2, 2012).

presses for CML's processing plant.[3]  Each of the parties in that case claims that the other failed to perform obligations under the contract.[4]

The National Union Case is an insurance coverage dispute related to two insurance policies issued to CML, one issued by National Union and the other issued by Lexington Insurance Company.  National Union alleges that CML procured the insurance by making fraudulent misrepresentations.[5]  CML denies any fraud and alleges that National Union and Lexington denied coverage under their respective insurance policies in bad faith.[6]

At least one of the insurance coverage issues in the National Union Case apparently arises out of Matec's alleged failure to provide working filter presses.  However, the other coverage issues, the alleged bad faith, and the alleged fraud dominate the National Union Case and have no bearing on the Matec Case.  Any overlap between the Matec Case and the National Union Case does not justify the additional burden on National Union, Lexington, and Matec of having to litigate the combined cases.  The court is particularly concerned about the danger of prejudice to National Union and Lexington in trying before the same jury Matec's alleged failure to provide working filter presses and whether there is insurance coverage for the related damages.  Consequently, the court will not consolidate the Matec and National Union Cases.

---

[3] Complaint at ¶ 8, docket no. 2 in the Matec Case, filed on Aug. 29, 2012.

[4] *Id.* at ¶ 41; CML Metals Corporation's Counterclaim at ¶ 48, docket no. 9 in the Matec Case, filed on Nov. 15, 2012.

[5] Complaint for Declaratory Judgment at ¶¶ 54-62, docket no. 2 in the National Union Case, filed on Oct. 3, 2012.

[6] Counterclaim at ¶¶ 74-118, docket no. 21 in the National Union Case, filed on Dec. 5, 2012.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that the Motion to Consolidate (docket no. 17) is DENIED.

Signed February 5, 2013.

BY THE COURT

_____
District Judge David Nuffer